IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD A. NICHOLS,<br><br>              Petitioner,<br><br>vs.<br><br>STATE OF UTAH,<br><br>              Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:07CV940 DAK |

This matter is before the court on Petitioner Richard A. Nichols' Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Mr. Nichols has brought numerous actions in this court, all stemming from his employment as a sales manager at "Remember When," a car dealership selling classic cars on consignment, and/or his subsequent conviction for his actions during this employment.  Specifically, in 2002, after a three-day bench trial, Mr. Nichols was convicted of five felony counts of communication fraud and one count of racketeering relating to his conduct while employed at this used-car dealership.  His conviction has been affirmed by the Utah Court of Appeals, *see State v. Nichols*, 2003 UT App 287, 76 P.3d 1173, and the Utah Supreme Court denied certiorari by an Order dated December 10, 2003.  *See State v. Nichols*, 76 P.3d 1173 (Ut. Ct. App. 2003).  All of Mr. Nichols' previous cases have been dismissed, and this one fares no better.[1]

---

[1] *See*, *e.g.*, *Nichols v. Braithwaite et al.* (2:03cv867 TS) (civil rights claims under 42 U.S.C. § 1983 - dismissed for failure to state a claim); *Nichols v. Fletcher et al.* (2:03cv868 TS) (civil rights claims under 42 U.S.C. § 1983 - dismissed on summary judgment because Mr.

As reflected by his current address, Mr. Nichols is not in custody. Indeed, there is no indication whatsoever that Mr. Nichols has been in custody other than for five days in 2002. According to other court filings, Mr. Nichols was sentenced in May 2002 to 365 days in jail, but his sentence was suspended (after having served five days in jail) with probation conditions, including paying $42,000 in restitution.

Because Mr. Nichols is not in custody, the court lacks jurisdiction over habeas petitions brought by a petitioner who is not in custody. *See Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002). "Federal courts may grant habeas relief to prisoners held by state authorities only when the habeas petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id*. (quoting 28 U.S.C. § 2254(a)). "This requirement is jurisdictional." *Id*. It "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). A petitioner must be "in custody" "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Because Petitioner is not "in custody," this court must dismiss the petition for lack of jurisdiction. *See Foster*, 296 F.3d at 949; 28 U.S.C. § 2254(a).

---

Nichols had not established that any conduct violated the law); *Nichols v. State of Utah et al.* (2:03cv1095 TS) (civil rights claim under 42 U.S.C. § 1983 - dismissed because Mr. Nichols' action was barred absent a showing that his conviction had been overturned on direct appeal); *Nichols v. State of Utah*, 2:03cv1132 DAK (habeas corpus petition under 28 U.S.C. § 2254 - dismissed on a variety of grounds); *State of Utah v. Nichols* (2:07cv419 DAK) (dismissed because of Mr. Nichols' improper removal of state case to federal court); *Nichols v. Baer et al.* (2:08cv89 DAK) (civil rights claim under 42 U.S.C. § 1983 - dismissed because Mr. Nichols' action was barred absent a showing that his conviction had been overturned on direct appeal).

Moreover, even if the court had jurisdiction, the petition would be dismissed in any event. Section 2241 provides for a one-year statute of limitations, 28 U.S.C. § 2244(d)(1)(A), which expired many years ago.

.                                              **CONCLUSION**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the petition is DISMISSED for lack of jurisdiction.

DATED this 30th day of July, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge